2:06-CV-821-MHT    Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

7005 SEP 13 A 10: 15

| United States District Court | District |
|---|---|

| Name (under which you were convicted): LARYIE EARL JONES | Docket or Case No.: 419. CC-2003-187-418- |
|---|---|
| Place of Confinement: E.C.F, 200 WALLACE,DR CLIO, AL. 36017 | Prisoner No.: 156410 |

| Petitioner (include the name under which you were convicted) LARYIE EARL JONES | v. | Respondent (authorized person having custody of petitioner) GWENDOLEY MOSLEY |
|---|---|---|
| The Attorney General of the State of ALABAMA | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Circuit OF Covington County ALABAMA

   (b) Criminal docket or case number (if you know): CC-2003-187-418-419

2. (a) Date of the judgment of conviction (if you know): MAY, 22-23 - 2006

   (b) Date of sentencing: JULY 10 2006

3. Length of sentence: 3 YEARS IN County JAiL AND 3 LiFE SENTENCE

4. In this case, were you convicted on more than one count or of more than one crime?  Yes ☑  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 3 COUNTS OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA, AND because OF REDUE 3 COUNTS OF UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☑

   (2)  Guilty ☐

   (3)  Nolo contendere (no contest) ☐

   (4)  Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____

_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐ No ☑ *TRIAL COUNSEL did Not ALLOW PETITIONER To TESTIFY.*

8. Did you appeal from the judgment of conviction?

    Yes ☑ No ☐

9. If you did appeal, answer the following: *COURT OF CRIMINAL APPEALS*

    (a) Name of court: ~~_____~~

    (b) Docket or case number (if you know): *CR-05-1961*

    (c) Result: *STILL PENDING*

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: *UNKNOW WHAT APPELLATE COUNSEL RAISED PETITIONER HAS WROTE APPELLATE COUNSEL To SEE HAS COUNSEL FILE ANY MOTIONS OR PETITIONS COUNSEL HAS NOT ANSWER ANY OF THE LETTERS YET, THE ONLY RESPONE SEE EXHIBIT (B) PETITIONER FILED TIMLY MOTION AFTER SENTENCE date, AND STATE COURT IN VIOLATION OF LAW*

    (g) Did you seek further review by a higher state court?    Yes ☐ No ☐

        If yes, answer the following:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Result: _____

_____

        (4) Date of result (if you know): _____

        (5) Citation to the case (if you know): _____

        (6) Grounds raised: _____

_____

_____

_____

_____

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Circuit Court of Covington County Alabama_

(2) Docket or case number (if you know): _CC-2003-187-418-419_

(3) Date of filing (if you know): _5-15-06_

(4) Nature of the proceeding: _Motion For Dismissal of The indictments_

(5) Grounds raised: _Violates The guaranty of A speedy Trial,
Lack of Jurisdiction, and Evidence is insuffi-
cient to support Conviction, See Exhibit (A)
Petitioner Suffered Serious Prejudice,
Dismiss with Prejudice Under Rule 48 (B)_

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: _See Exhibit (B)_

(8) Date of result (if you know): _Aug -18- 06_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _Circuit Court of Covington County Alabama_

(2) Docket or case number (if you know): _CC-2003-187-418-419_

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _Motion For New Trial_

(5) Grounds raised: _Ineffective Assistance of Counsel, Lack of
Jurisdiction, Petitioner Can't Remmember The Rest
of The grounds Raised, Circuit Clerk Has Copys
of This motion._

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: SEE EXHIBIT (B)

(8) Date of result (if you know): AUG - 18 - 06

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: CiRCUiT COURT of CoVington COUNTY ALABAMA

(2) Docket or case number (if you know): CC-2003-187-418-419

(3) Date of filing (if you know): 7-3-06

(4) Nature of the proceeding: MoTioN iN ARREST of JudgMENT

(5) Grounds raised: DENiAL of SiXTH AMENDMENT RiGHT to A SPEEDY TRiAL, ~~_____~~ SEE EXHiBiT (A) (C) DENiED 8 AMANDMENT HELD FOR OVER TWO YEARS WiTHOUT BOND, PETiTioNER SUFFER PREJudiCiAL MAKES A FAiR TRiAL iMPOSSiBLE, LACK of JURiSDiCTioN, THE STATE FAiL TO PROVE A UNLAWFUL PosSESSioN of CONTROLLED SUBSTANCE To SUPPORT A CONViCTioN, THE PROCEEDiNG ARE VoiD AND JudgEMENT iS A NULLiTy, ABUSE of DiSCRETioN.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: SEE EXHiBiT (B)

(8) Date of result (if you know): AUG-18-06

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☐    No ☑

(2) Second petition:    Yes ☐    No ☑

(3) Third petition:    Yes ☐    No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: SEE EXHiBiT (B) PROHiBiTED PETiTioNER FOR FiLLiNG iN STATE COURT BECAUSE THEY ARE iN ViOLATioN OF LAW THE WAY THEY TREATED THE PETiTioNER

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Denied of Sixth Amendment Right to Speedy Trial, Judge M. Ashley McKathan Recuse From Cases 12-1-05.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Exhibit (A) And Exhibit (E), If Trial Counsel Had Subpoena These Three Witness, Petitioner Would Not Have Been Convicted or Sentence Because Petitioner Has Been Incarceration At Covington County Since July 14 2004, Judge M. Ashley McKathan did Recuse Himself From Petitioner Cases, Manish H. Patel Is A Witness to Judge Statement, And Ms. Laurie Blaz *See Exhibit (E)*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For New Trial

Name and location of the court where the motion or petition was filed: Circuit Court of Covington County

Docket or case number (if you know): CC-2003-187-418-419

Date of the court's decision: No decision But Exhibit (B)

Result (attach a copy of the court's opinion or order, if available): _NONE RESULT BUT_ _EXHibit (B)_ _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _SEE EXHibit (d)_

_____

_____

**GROUND TWO:** _INEFFECTIVE ASSISTANCE OF COUNSEL_

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _COUNSEL_ _FAILED to MEET THE DUE PROCESS REQUIREMENT OF EFFECTIVE_ _REPRESENTATION By COUNSEL By FAILING to give PETITIONER_ _HIS COMPLETE LOYALTY, AND FAILING to SERVED PETITIONER_ _CAUSE in good FAITH AND to THE best OF HIS ABILITY_ _HE FAIL to SUBPAENA PETITIONER WITNESS AT TRIAL_ _COUNSEL FAIL TO OBJECT OF THE INFLAMMATORY_ _CHARGES OF THE INDICTMENT UNLAWFUL POSSESSION_ _OF CONTROLLED SUBSTANCE, APPELLATE COUNSEL IS INEFFECTIVE_ _APPELLATE COUNSEL HAS FAIL TO FILE ANY MOTIONS OR PETITIONS_ _AS PETITIONER REQUESTED OR ANSWER ANY OF HIS LETTERS._

(b) If you did not exhaust your state remedies on Ground Two, explain why: BECAUSE ~~████~~
~~████~~ COUNSEl SAid HE WOUld CORRECT HiMSElF
BY FilEiNG MOTioN OR PETiTioN HE NEVER
Did, HE WithdRAW FRom CAsES.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? UNKNOW SEE EXHibit (B)

Yes ☐  No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTioN FoR NEW TRiAL

Name and location of the court where the motion or petition was filed: CiRCuit CouRT oF
CoViNGTON CouNTY

Docket or case number (if you know): CC-2003-187-418-419

Date of the court's decision: SEE EXHibit (B)

Result (attach a copy of the court's opinion or order, if available): EXHibit (B)

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:  SEE EXHIBIT (d)

_____
_____
_____

**GROUND THREE:** INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION - SEE EXHIBIT (A) - (C) - (d) - (F)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): IF TRIAL COUNSEL WOULD HAVE SUBPOENA THIS ONE MORE WITNESS EXHIBIT (F) it PROVE THAT THE EVIDENCE IS INSUFFICIENT TO SUPPORT A CONVICTION OT UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE PETITIONER WOULD NOT HAD BEEN CONVICTED OR SENTENCE TO THREE LIFE, RANDAll CLARK IS A WITNESS,

(b) If you did not exhaust your state remedies on Ground Three, explain why: AND MR SYdNEY AlbERT Smith IS A WITNESS, ANS MR MARK Odam,

_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did __not__ raise this issue in your direct appeal, explain why: _____

_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION IN ARREST OF JUdgMENT

Name and location of the court where the motion or petition was filed: CiRCUIT COURT OF COVINGTON COUNTY

Page 10

Docket or case number (if you know): _CC-2003-187-418-419_

Date of the court's decision: _SEE EXHIBIT (B)_

Result (attach a copy of the court's opinion or order, if available): _EXHIBIT (B)_

_____

_____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

   Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: _SEE EXHIBIT (d) APPELLEES_
_FAIL TO object OR PROPOSED AMENDMENT_
_TO THE STATEMENT, EXHIBIT (B) IS THE RESULT_

**GROUND FOUR:** ~~████████████~~ DOUBLE JEOPARDY

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _THESE CASES_
_HAS BEEN PENDING SINCE 9-17-02 THE CHARGES UNLAWFUL POSSESSION_
_OF CONTROLLED SUBSTANCE WHICH IS INFEAMMATORY CHARGES_
_PETITIONER HAS BEEN UNLAWFUL INCARCERATION SINCE JULY 14-2004_
_AT COVINGTON COUNTY TIL AUG 10 2006 WITH NO BOND_
_THAT THE FIRST JEOPARDY. THE NEXT JEOPARDY IS BEEN_

Page 11

SENT to STATE PRISON STill WiTh °ut BoNd SENTENCE To
THREE LiFES FoR THE inFLAMMATORY CHARGES.

(b) If you did not exhaust your state remedies on Ground Four, explain why: DoN'T KNoW WHY
But did EXHAUSTED STATEMENT oF EVidENCE A
RULE 10 (d) SEE EXHiBiT (d)

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _SEE EXHibit (J)_

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐ No ☑

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _BECAUSE of EXHibit (B)_

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _No_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ~~Yes~~  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: SYdNEY ALbERT SMiTH, 122 CORdELiA AvE N ELbA AL 36323-1914

(b) At arraignment and plea: ~~Ab~~ Ab Powell ANd MANiSH H. PATEl 1213 EAST THREE NotcH STREET ANdALuSiA, AL 36420

(c) At trial: FRANk CHiRiCO _____

(d) At sentencing: FRANk CHiRiCO _____

(e) On appeal: MEREdiTH SHAY PETERS, P.O. BoX 1953 ANdALuSiA AL 36420

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: A RELEASE UNDER THE TERMS of 18 U.S.C - 3148 PENDING NOTICE OR ACCORDANCE WITH THE PROVISIONS OF RULE 9 (B) OF THE RULES OF APPELLANTE PROCEDURE. or any other relief to which petitioner may be entitled. OR REVERSE JUDGMENT OF CONVICTION AND GRANT IMMEDIATELY RELEASE OF THIS DOUBLE JEOPARDY OR GRANT A NEW TRIAL, OR A BOND.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _8 - 31 - 06_ _____ (month, date, year).

Executed (signed) on _8 - 30 - 06_ (date).

_Savyie Earl James_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

* * * * *

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

LARYIE EARL JONES,
     DEFENDANT,

V.

STATE OF ALABAMA,
     PLAINTIFF.

CASE NO: CC-2003-187-418-419-2004-347

## MOTION FOR DISMISSAL OF THE INDICTMENT

COMES NOW THE DEFENDANT LARYIE EARL JONES, PRO, SE, MOVES THE HONORABLE COURT TO TAKE IMMEDIATE ACTION FOR DISMISSAL OF THE INDICTMENT, AND AS THEREFORE STATES THE FOLLOWING GROUNDS. IN CASE (1)

1. THE DEFENDANT WAS FIRST ARRESTED ON THE 17 DAY OF SEPT 2002 FOR THE CHARGES OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA IN CASE CC-2003-187 AND BECAUSE OF RESIDUE HE WAS CHARGE WITH UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, THIS CASE HAS BEEN PENDING IN THIS COURT (4) YEARS THE COURT HAS LOSS JURISDICTION THIS IS THE 20TH COURT TERMS, THE COURT IS WITHOUT JURISDICTION TO TRY THE CASE AT THE FOURTH TERM AFTER THE INDICTMENT. DEFENDANT MOVE FOR DISMISSAL OF THE INDICTMENT BECAUSE OF LACK OF JURISDICTION, AND EVIDENCE IS INSUFFICIENT TO SUPPORT A CONVICTION

IN CASE (2)

2. THE DEFENDANT WAS ARREST MAY 14, 2003 FOR THE CHARGES OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA IN CASE CC-2003-418, AND BECAUSE OF RESIDUE HE WAS CHARGE WITH UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE THIS CASE HAS BEEN PENDING IN THIS COURT (3) YEARS, THE COURT HAS LOSS JURISDICTION, THIS IS THE 20TH COURT TERMS, THE COURT IS WITHOUT JURISDICTION TO TRY THE CASE AT THE FOURTH TERM AFTER THE INDICTMENT

SCANNED
06 9/1/10

DEFENDANT MOVES FOR DISMISSAL OF THE INDICTMENT BECAUSE OF LACK OF JURISDICTION. EVIDENCE IS INSUFFICIENT TO SUPPORT CONVICTION

IN CASE (3)

3. THE DEFENDANT WAS ARRESTED JUNE 11, 2003, FOR THE CHARGES OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA IN CASE CC-2003-419, AND BECAUSE RESIDUE HE WAS CHARGE WITH UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, THIS CASE HAS BEEN PENDING IN THIS COURT (3) YEARS THE COURT HAS LOSS JURISDICTION THIS IS THE 20TH COURT TERMS THE COURT IS WITHOUT JURISDICTION TO TRY THE CASE AT THE FOURTH TERM. AFTER THE INDICTMENT, DEFENDANT MOVES FOR DISMISSAL OF THE INDICTMENT BECAUSE OF LACK OF JURISDICTION. EVIDENCE IS INSUFFICIENT TO SUPPORT CONVICTION

IN CASE (4)

. THE DEFENDANT WAS ARRESTED JULY 14, 2004 FOR THE CHARGES OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA IN CASE CC-2004-347, AND BECAUSE OF RESIDUE HE WAS CHARGE WITH UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, THIS CASE HAS BEEN PENDING IN THIS COURT (2) YEARS, THE COURT HAS LOSS JURISDICTION THIS IS THE 10TH COURT TERMS, THE COURT IS WITHOUT JURISDICTION TO TRY THE CASE AT THE FOURTH TERM AFTER THE INDICTMENT, DEFENDANT MOVES FOR DISMISSAL OF THE INDICTMENT BECAUSE OF LACK OF JURISDICTION IN ALL THESES CASES THE EVIDENCE ADDUCED WAS INSUFFICIENT TO SUSTAIN CONVICTION

5. THE DEFENDANT HAS BEEN INCARCERATION AT THE COVINGTON COUNTY JAIL SINCE JULY 14, 2004 HELD WITHOUT BAIL HE SUFFER PREJUDICE, AN UNREASONABLE DELAY ARISING FROM THE NEGLIGENCE AND LACHES OF TH PROSECUTION WITHOUT FAULT OR CONSENT BY DEFENDANT VIOLATES THE GUARANTY OF A SPEEDY TRIAL.

EXHIBIT
A

6. The Power of a Court to dismiss a case on it own motion, for failure to Prosecute with due diligence is inherent and exists independently of Statute Further, Under the express Provisions of the statutes in some Jurisdiction, in the event that Accused is not tried within the Period of Time specified by the Statutes and if according to some of such Provisions H has been Committed and not Admitted to bail, and as is discussed in 469, Defendant has demand for trial, He is entitled to discharge or a dismissal of the Proceeding, The defendant has shows that he comes within the Provisions of the Statutes He must be discharged, The Statutory mandate has been Considered to be a Limitation on the Jurisdiction of the Court, It has also been Held that the Right to discharge is not Absolute in the sense that the mere Lapse of time operates to oust the Court of Jurisdiction and thus make a release of Accused Mandatory, and that an erroneous Failure to observe the Requirement of trial within a specified time does not Render a Judgment of Conviction Void, Defendant Suffer Serious Prejudice. (Statutes Held not in Conflict). There is no Conflict between statutes Providing that in Felony cases when three years elapse from date of finding an indictment, if accused has not been tried, Court may enter Nolle Prosequi, and statute Providing that whenever it shall have been established that Prescriptive Periods have elapsed since last date on which any steps shall have been taken by State in Prosecution, Court shall order dismissal of Prosecution, Defendant has served over 21 Months, and This make his 20th Terms of Court, in cases (1)-(2)-(3)

7. (Particular Statutes Held inapplicable), Statute Setting Forth the Requirement that Person charged with Felony must be tried within three Terms of Court of time when indictment Against Him was Returned.

8. (DUTY OF STATE (1) - STATUTE is A Limitation on Right of STATE to Hold A Person by Recognizance to answer A Crimial Charge and casts an imperative duty on the state and its officers, trial Courts, and Prosecuting Attorneys, to see that an Accused Held on Recognizance is brought to TRIAL, and state MAY not ignore the demand thus made without incurring Penalty Provided by statute. ZEHRLAUT V. STATE, 102 N.E. 2d 203, 230.

(2) Under statute Requiring discharge of Accused not tried before end of second term of Court Following Filing of indictment or information, state could not take advantage f an unlawful imprisonment to avoid the limitation mposed by statute. STATE V. COOVER, 193 P. 2d 209 165.

9. (ENTRY of Nolle Prosequi) - Under statute Providing that in Felony Cases, when three years elapse from date of Filing of information, it is duty of district Attorney to enter A Nolle Prosequi if accused has not been tried, and if district Attorney Fails or Neglects to do so, Court MAY on motion of Accused Cause such Nolle Prosequi to be enter, Places decision in discretion of trial Judge. STATE V. BRADLEY, 79 So. 2d 561, 227.

10. (Proof of Grounds For Discharge), SEE in this motion Case (1) (2) (3) (4) is Proof of grounds for Discharge, it Proves that The Defendant Cases has been Pending in this Court (4) years infringement of Defendant Constitutional Right to A Speed TRIAL, From September 17, 2002 Til July 14, 2004, The governmen Had deliberately and oppressivly sought to delay the TRIAL in Cases (1) (2) (3) As Required by statute and Constitution

5
A

EXHIBIT ( PROOF OF JRCHALS FOR DISCHARGE )

WAS DUE TO LACHES ON PART OF STATE, THE DEFENDANT MUST
ADEQUATELY SUPPORT WITH EVIDENCE A MOTION TO DISMISS
UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 48(B)
18 U.S.C.A, DEFENDANT MUST SHOW THAT THERE HAS BEEN A
DELAY WHICH IS UNREASONABLE OR BEYOND THE TIME FIXED
BY STATUTE, THAT THE DELAY WAS CAUSED BY THE STATE AND NOT
BY THE DEFENDANT, AND THAT THE TRIAL HAS NOT BEEN POSTPONED
ON DEFENDANT APPLICATION OR WITH DEFENDANT CONSENT, AND
IN JURISDICTIONS WHERE DEFENDANT MUST DEMAND A TRIAS, HE
DID SO. DEFENDANT REQUST A DEMURRER IN CASES (1)(2)(3) BECAUS
(LOSS OF JURISDICTION BY DELAY) UNDER STATUTES PROVIDING THAT
ACCUSED SHALL BE DISCHARGED IF NOT TRIED AT THE NEXT TERM
AFTER THE INDICTMENT UNLESS good CAUSE IS SHOWN, AND THAT
THE COURT MAY GRANT CONTINUANCES FOR good CAUSE, BUT NOT
FOR MORE THAN THREE TERMS, THE COURT IS WITH JURISDICTION
TO TRY THE CASE AT THE FOURTH TERM AFTER THE INDICTMENT
ALSO EVIDENCE DEFENDANT SUFFERED SERIOUS PREJUDICE BECAUSE
OF DELAY CAUSE BY THE STATE IN CASES (1) (2) (3) IT HAS
BEEN OVER 20TH TERMS THE STATE HAS LOSS JURISDICTION BY
DELAY, DEFENDANT IS HELD UNLAWFUL AT THE COVINGTON COU
TY JAIL (IN CASES (1)(2)(3). WITHOUT BAIL SINCE JULY 14, 200

11. IN CASE (4) DEFENDANT HAS BEEN INCARCERATION SINCE JULY 14,
WITHOUT BAIL HE SUFFERED SERIOUS PREJUDICE, DEFENDANT MUST
SHOW BY COMPETENT PROOF THAT HE IS WITHIN THE PROVISIONS
OF A STATUTE PROVIDING FOR DISCHARGE OR DISMISSAL FOR DEL
AY IN ORDER FOR HIM TO TAKE ADVANTAGE OF ITS TERMS. AND OR
INARILY HE MUST ESTABLISH THAT THERE HAS BEEN A DELAY, NOT
CAUSE OR CONSENTED TO BY HIM. IT HAS BEEN HELD THAT

AN INCARCERATED ACCUSED NEED ONLY SHOW THAT THE STATUTORY TIME HAS EXPIRED AND THAT THE CAUSE WAS NOT POSTPONED ON HIS APPLICATION: THEREUPON THE BURDEN IS ON THE STATE TO SHOW CAUSE WHY THE TRIAL WAS NOT HELD WITHIN THE STATUTORY TIME STATES FAILS TO MAKE SOME EXPLANATION SHOWING good CAUSE FOR delAY IN bringing THE ACCUSED to TRIAL. AND DEFENDANT IS NOT ON BAIL, THE LAW MAKES SUCH demAND AND PROSECUTION HAS BURDEN OF SHOWING THAT TRIAL WAS delAYED FOR SOME LAWFUL CAUSE, DEFENDANT SUFFERED SERIOUS PREJUDICE. THIS COURT HAS LOSS JURISDICTION by delAY, BECAUSE IT HAS BEEN MORE THAN THREE tERMS THIS COURT IS WITHOUT JURISDICTION TO TRY THE CASES AT THE FOURTH TERM AFTER tHE INDICTMENT, AND DEFENDANT HAS bEEN CONFINED dURING INTERVENING TIME.

12. (DEMONSTRATED FACTS) - IN ALL FOUR CASES THE EVIDENCE IS INSUFFICIENT TO SUPPORT A CONVICTION, THE STATE PROSECUTOR KNOWS, THE CIRCUIT JUDGE KNOWS, HE FAILS TO ENTER NOLLE PROS QUI. HE RECUSE HIMSELF FROM ALL CASES, THE STATE PROSECUTOR KNOWING INTENT TO defRAUD UNITED STATES MEANS PRIMARILY TO CHEAT UNITED STATES OUT OF PROPERTY OR MONEY OR obstruct ONE OF ITS LAWFUL GOVERNMENTAL FUNCTIONS BY DECEIT, CRAFT TRICKERY, OR AT LEAST BY MEANS THAT ARE dISHONEST, JUDGE Mc- HATHAN SHOWS CONSPIRE WITH STATE PROSECUTOR TO HOLD THE DEFENDANT IN COUNTY JAIL FOR 21 MONTH AND 28 DAYS TO CHEAT UN.tED STATES OUT OF MONEY, NOW JUDGE CHARLES A. SHORT ASSIGNED TO tHESE SAME CASES, WILL HE ENTER NOLLE PROSEQUI BECAUSE OF THE FACTS LOSS JURISDICTION DEFENDANT IS UNLAWFUL INCARCERATION. HE SEEK A DISCHARGE DISMISS WITH PREJUDICE UNDER RULE 48 (B) BAR A FURTHER PROSECUT

EXHIBIT
A

13. IN THESE CASES IT APPEARS THAT THE FURTHERANCE OF JUSTICE DOES NOT REQUIRE CONTINUATION OF THE PROSECUTION, AS WHERE NO EVIDENCE CAN BE PRODUCED BY THE STATE AND THE LACKS EVIDENCE TO WARANT A PROSECUTION TO RESULT IN CONVICTION THE CASES IS APPARENTLY WITHOUT MERIT, AND HAS BEEN PENDING FOR A LONG TIME IT IS ALSO PROPER TO GRANT A NOLLE PROSEQUI IN CASES WHERE A MISDEMEANOR HAS BEEN COMPROMISED UNDER A STATUTE PERMITTI it. THIS COURT LOSS JURISDICTION BY DELAYS

14 (DISMISSAL BY PROSECUTION) - THE RULE ALLOWS EITHER THE ATTORNE GENERAL OR THE UNITED STATES ATTORNEY TO SEEK DISMISSAL. THE ATTORNEY GENERAL HAS THE POWER OF SUPERVISION AND DIRECTION OF ALL UNITED STATES ATTORNEYS AND ASSISTANT UNITED STATES ATTORNEYS AND IT HAS BEEN THE ADMINISTRATIVE PRACTIC FOR THE ATTORNEY GENERAL TO SUPERVISE THE FILING OF NOLL PROSEQUI BY THE UNITED STATES ATTORNEY. GOVERNMENT HA DUTY TO DISMISS DEFENDANT AND COUNTS IN A TRIAL WHEN IT FINDS EVIDENCE IS INSUFFICIENT TO SUPPORT CONVICTIO U.S. V. DENNIS, C.A. 5TH 1981, 645 F.2d 517.

WHEREFORE THE DEFENDANT PRAYS THAT THIS HONORABLE COUR WILL TAKE IMMEDIATE ACTION IN GRANT HIS MOTION AND SETTING A DATE FOR A HEARING AT THE EARLIEST POSSIB TIME, BEFORE MAY 22, 2006

RESPECTFULLY SUBMITTED THIS THE 15 DAY OF MAY, 2006

Burnie Earl Jones
SIGNATURE OF DEFENS

EXHIBIT
-A-

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING MOTION IS TRUE AND CORRECT.

5-15-06
Date

Sergio Earl Parks
Signature of Defendant

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE FOREGOING PLEADING MOTION HAS BEEN SERVED UPON THE DISTRICT ATTORNEY OF COVINGTON COU OF ALABAMA AND A TRUE COPY HAS BEEN SERVED UPON THE ATTORNEY GENERAL OF THE UNITED STATES/TO THIS PROC BY MAILING THE SAME BY FIRST CLASS MAIL UNITED STATES PERSONAL SERVICE ON THE 15 DAY OF MAY, 2006

Sergio Earl Parks
Signature of Defendan

COPYS TO:
ANTHONY CLARK: SHERIFF
JAILOR: LARRY SELMON
TROY KING: ATTORNEY GENERAL
GREGORY GAMBRIL: DISTRICT ATTORNEY

Exhibit
A

In The Circuit Court of Covington County Alabama

Laryie Earl Jones,
        Defendant,

Vs.

State of Alabama,                    Case No. CC-2003-187-418-419-CC-2004-
        Plaintiff.                                                            347

        Affidait in Support Motion For Dismissal of
                The Indictment

State of Alabama )
Covington County )
                        )


The Defendant, Pro, se, being First duly Sworn, deposes And
say on oath as Follows:

.My Name is Laryie Earl Jones, and I am Competency To
Make This Affidait.

I am a Resident of Opp Alabama For 15 Years.

In case (1) CC-2003-187 The case Has been Pending in This
court since The 9-17-2002, The Court Has Fail To bring The
case to trial within Statutes, Evidence is insufficient to
support Conviction, State loss Jurisdiction by delay because
this is the 20th terms of Court. I Requests and moves The
court For Dismissal of The Indictment, In Cases (2)-(3)-
and (4) I Moves The Court For a Dismissil of The indict-
ment Evidence is insufficient to support Conviction it
Hits been over three terms of court in all four Cases

- HAVE BEEN HELD AGAINST MY... Exhibit-A
KNOWLEDGE 2:06-cv-00821-MHT-DRB Document 1-22 Filed 09/19/2006 Page 10 of 12 PROSECUTOR HAS Actu...
COMPLAINT BE FILED: To deprivation my Rights Privileges, Secured by Federal Constitut

4. I HAVE BEEN INCARCERATION AT THE COVINGTON COUNTY JAIL SINCE JULY 14, 2004 HELD WITHOUT BAIL I SUFFERED SERIOUS PREJUDICE BECAUSE AN UNREASONABLE DELAY ARISING FROM THE NEGLIGENCE AND LACHES OF THE PROSECUTION WITHOUT FAULT OR CONSENT BY ME VIOLATES THE GUARANTY OF A SPEEDY TRIAL, I AM PERSUADE THE COURT THAT THE GOVERNMENT HAD DELIBERATELY OR OPPRESSIVELY SOUGHT TO DELAY THE TRIAL, AND IT APPEAR THAT THERE HAD BEEN SUCH NEW AND SUBSTANTIAL PREJUDICE EFFECTED BY THE DELAY THAT JUSTICE COULD NOT BE ACCOMPLISHED BY PROMPT TRIAL OF MY CASES. (THE POWER OF A COURT)

. I AM ENTITLED TO A DISSCHARGE THE POWER OF THE COURT TO DISMISS. A CASES ON IT OWN MOTION.

. (PARTICULAR STATUTES HELD IN APPLICUE)

I WAS TO BE TRIED WITHIN THREE TERMS OF COURT WHEN INDICTMENT WAS AGAINST ME WAS RETURNED, STATES FAILS (OUT OF STATE) - THE STATE IGNORE MY DEMANS.

(ENTRY OF NOLLE PROSEQUI) - THE DISTRICT ATTORNEY FAIL O ENTRY A NOLLE PROSEQUI, THE COURT FAIL TO DO SO.

PROOF OF GROUNDS FOR DISCHARGE, PROOF INFRINGEMENT

MY CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL, THE OVERNMENT HAD DELIBERATELY AND OPPRESSIVELY SOUGHT TO LAY TRIAL, AND I REQUESTS A DEMURRER, BECAUSE THE URT LOSS JURISDICTION BY DELAY I SUFFERED SERIOUS EJUDICE I BEEN IN THE COVINGTON COUNTY JAIL 21 MONTHS 4 28 DAYS WHICH IS UNLAWFUL IT HAS BEEN MORE THAN CE TERMS THIS COURT IS WITHOUT JURISDICTION TO TRY ' CASES AT THE FOURTH TERM AFTER THE INDICTMENT AND HAVE BEEN CONFINED DURING INTERVENING TIME. I HAVE INCARCERATION THE STATUTORY TIME EXPIRED I DID NOT POSTPONED.

EXHIBIT (A)

- I HAVE BEEN DEPRIVATION OF FEDERALSY PROTECTED RIGHT, I HAVE BEEN DENIED OF EQUAL PROTECTION OF LAW, AND SUFFICIENT ESTABLISH RACIAL DISCRIMINATION

10. DEMONSTRATED FACTS, SINCE MY INCARCERATION IN ALL FOUR OF MY CASES, THE EVIDENCE IS INSUFFICIENT TO SUPPORT A CONVICTION AND THE STATE PROSECUTOR KNOWS THAT AND THE JUDGE KNOWS THAT HE FAIL TO ENTER NOLLE PROSEQUI, HE RECUSE HIMSELF FROM ALL OF MY CASES, THERE IS NO OTHER REASON TO HOLD ME IN THE COVINGTON COUNTY JAIL UNLESS TO INTENT TO DEFRAUD UNITED STATES MEANS PRIMARILY TO CHEAT UNITED STATES OUT OF MONEY, I THINK THAT WHY PROSECUTION AND THE CIRCUIT JUDGES FAILS TO ENTER NOLLE PROSEQUI SO THE UNITED STATES WILL KEEP ON PAYING FOR ME TO BE HELD INCARCERATION AND CASES STILL PENDING, I AM READY TO GO HOME TO MY FAMILY, I BEEN HELD TO LONG AWAY FROM MY FAMILY, I AM A WITTNESS THAT THE UNITED STATES FOR THE GOVERNMENTAL FUNCTIONS IS BEEN CHEATED THE CIRCUIT JUDGES SHOWS CONSPIRE, AND THE NEW ASSIGNED CIRCUIT IS DOING THE SAME, HE KNOWS I HAVE BEEN INCARCER-ATION FOR 21 MONTHS AND 28 DAYS, HE HAVE NO JURISDICTION, TO TRY MY CASES THEY CHEAT THE GOVERNMET OUT OF MONEY.

11. I KNOW MY CASES THAT IT APPEARS THAT THE FURTHERANCE OF JUSTICE AND DOES NOT REQUIRE CONTINUATION OF THE PROSECUTION, AS WHERE NO EVIDENCE CAN BE PRODUCED BY THE STATE AND LACKS EVIDENCE TO WARRANT A PROSECUTION TO RESULT IN CONVICTION THESE CASES IS APPARENTLY WITH OUT MERIT, AND HAS BEEN PENDING FOR A LONG TIME, I MOVES THE COURT FOR DISMISSAL OF THE INDICTMENT WITH SERIOUS PREJUDICE. NOW GENEVA COUNTY HAS AN HOLD FOR CHILD SUPPORT, I AM 21 MONTHS AND 28 DAYS BEHIND ON CHILD SUPP-ORT PAYMENT, ALL BECAUSE OF THIS UNLAWFUL INCARCERATION AT THE COVINGTON COUNTY JAIL. I COULD NOT MAKE PAYMENT

4. I JUST WANTED To go Home It will Be A NONSUIT
IF THE Attorney General will ENTER NOLLE PROSEQUI.

12:(Dismissal by Prosecution - It Appears to be A Clear Violation of law
I PRAY THAT THE Attorney General will use His Power
of Supervision And Assistant United States Attorney
And Administraive To supervise THE Filing of Nolle
Prosequi by THE United States Attorney, Government HAS
duty to dismiss ME And Counts IN A TRIAL, WHEN it
Finds EVIDENCE is insufficient to SUPPORT CONVICTION.
And it Appears indictments is being Kept open FoR tHe PurPose of Vexation oR oppression

13. I MAKE THIS Affidavit iN SUPPORT of MY Motion FOR
Dismissal of THE indictment oN PersonaL Knowledge FuRtHer
Saith Not, But A Immediate Discharge Before MAY 22 2006. It
Would Be PLAINLY AND PALPABLY ERRONEOUS And Manifestly UNJUST To still Held me
iN JAiL oR TRY CASES.

DATE: 5-15-06                         SIGNATURE of DEFENDANT

EXHibit
A

    Sworn To AND SUBSCRIBED Before ME onTHIS 15
dAy oF May 2006    At STATE of ALABAMA, witness MY
HAND AND official SEAL oF office.

                              Patricia A. Sweatt
                              NoTARY PUBLIC
                              STATE AT LARGE
        MY Commission EXPIRES: 1-20-09

2:06-CV-821-MHT

EXHIBIT

B

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | IN THE CIRCUIT COURT OF |
| PLAINTIFF, | * | COVINGTON COUNTY, ALABAMA |
| VS. | * | CASE NO. CC-2003-187-418-419 |
| LARYIE EARL JONES, | * | CC-2004-347 |
| DEFENDANT. | * | |

**ORDER**

The Defendant has court appointed counsel in all his pending cases including those which are presently on appeal. Nevertheless, the Defendant continues to file frivolous pro se documents, petitions and motions requiring the clerk's office and this Court to expend necessary time in reading and dealing with all of the same. Therefore, it is, hereby,

Ordered that the Defendant must consult with the attorney appointed to his case before filing any document in this Court and any such filings must contain the attorney's signature. The Defendant is hereby prohibited from filing any further pro se documents that are not also signed by his attorney.

Done and Ordered this 18th day of August, 2006.

**FILED IN OFFICE**

AUG 1 8 2006

Roger A. Powell
CLERK

CHARLES A. SHORT
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

LARYIE EARL JONES,

     DEFENDANT,

VS.            CASE No: CC-2003-487-418-419

STATE OF ALABAMA,

     PLAINTIFF.


## MOTION IN ARREST OF JUDGMENT

COMES NOW THE DEFENDANT LARYIE EARL JONES, PRO, SE, MOVE THIS HONORABLE COURT IN ARREST OF JUDGMENT, AND AS THEREFORE STATES THE FOLLOWING GROUNDS:


1. THE DEFENDANT HAS BEEN INCARCERATION SINCE JULY 14 2004, HIS BOND WAS REVOKE WITHOUT A HEARING HELD, HE SUFFERED PREJUDICE FOR THE LONG INCARCERATION, AND LONG DELAY BETWEEN THE DATE OF THE OFFENSES CHARGES AND THE UNSEALING OF THE INDICTMENT IT MAKES A FAIR TRIAL IMPOSSIBLE, THE DELAY SHOWN TO BE PREJUDICIAL AND DENIAL OF DUE PROCESS, AND DENIAL OF SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL, AN A TRIAL SHOULD NOT BEEN HAD, GROUNDS IN ARREST OF JUDGMENT.

2. ON OR ABOUT MAY 22, 2006, THE DEFENDANT WAS TRY THE JURY RETURN A GUILTY VERDICT, THE COURT WAS WITHOUT JURISDICTION TO TRY THE DEFENDANT CASES THE STATE FAIL TO PROVE A UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE TO SUPORT A CONVICTION, GROUNDS IN ARREST OF JUDGMENT.

3. THE DEFENDANT AT TRIAL PROVE THAT HE NEVER UNLAWFUL POSSESSION ANY CONTROLLED SUBSTANCE. THE TRIAL WAS ERRONGOUS

4. THE defendant WAS Found guilty of A UNKNOW CHARGE Not RELATED to THE indictment, THE JURY WERE misled, THE STATE FAIL to PROVE oR PRODUCE A ControLLed Substance At TRIAL to SUPPORT A Conviction. THE STATE must PROVE Both Possessi. AND FELONY Amount of Controlled SUBSTANCE - SEE PURIFOY V. STATE 359 So. 2d 444. THE STATE FAIL to do So, gRounds IN ARREST of Judgment.

5. IF the FAULT is Not Filing AN indictment oR iNFORMAtion within time Limit of 18 U.S.C.A (3161)(b) it APPEARS thAt the COURT is to Dismiss the ComplAint on its own Motion. But iF the defendant is Not bRought to tRial within the time Limit Se: by 18 U.S.C.A (3161)(c), the iNFORMAtion oR indictment Wil be dismissed oNLy on motion by the defendant.

6. On MAY 15, 2004 THE defendant File A Timely Motion FOR Dismissal of THE indictment, And with AN Affidait SUPPORTING of the Motion Demaning A HEARING to be HeLd BEFORE May 22, 2004, THE motion WERE File Timely A HEARIng WAS NEVER HeLd on THE motion. gRounds in ARREST of Judgment. THE defendant WERE Convicted on MAY 23, 2004. His SENTENCE date WERE Set FoR JUN, 20, 2004 THE defendant HAd Not bEEN SENTENCE YEt, gRounds in ARREST of Judgment.

7. 22-A C.J.S. (467(1). UNdER Constitutional And Statutor PRovisions:
CompliANCE MUST be HAd with CoNStitutional oR StAtutory PRovisions Regulating the time of tRial of CRIMINAL CAUSES

3/

THE TRIAL MUST BE AT A REGULARLY CONSTITUTED TERM OR SPECIAL TERM OF THE COURT ALTHOUGH THE DAY OF THE TERM MAY, IN THE ABSENCE OF STATUTORY PROVISIONS, BE FIXED AT THE discretion of THE COURT. •LIBRARY REFERENCES •CRIMINAL LAW [574,-575]; AS A GENERAL RULE WHERE THE TIME FOR TRIAL OF A CRIMINAL CAUSE IS PRESCRIBED BY CONSTITUTION OR STATUTE, COMPLIANCE MUST BE HAD THEREWITH, AND SUCH RULE APPLIES IN THE CASE OF PROVISIONS designed TO AFFORD ACCUSED A SPEEDY TRIAL, AS discussed INFRA (467)(2),(468) AND adequate time FOR PREPARATION OF HIS DEFENSE, INFRA (478). NonCompliance AS WARRANTING OR REQUIRING THE discharge OF ACCUSED OR dismissal OF THE indictment OR information IS CONSIDERED INFRA (468). THE COURT MUST EXERCISE ITS JURISDICTION WITHIN ITS TERMS AS REgulated by LAW; AND WHERE A PERSON IS TRIED AND CONVICTED AT A TIME WHEN THE COURT CANNOT BE HELD LEGALLY, THE PROCEEDING ARE VOID. AND THE JUDGMENT IS A NULLITY. IN THE ABSENCE OF A STATUTE PRESERVING THE TERM, THE PRESENCE OF THE JUDGE AT THE TIME APPOINTED BY LAW FOR THE HOLDING OF COURT IS indispensable TO THE VALIDITY OF THE SUBSEQUENT PROCEEDING; AND THE JUDGE FAILS TO APPEAR AND OPEN COURT, THE TERM IS LOST AND A CONVICTION OBTAINED AS OF SUCH TERM IS A NULLITY; INSUFFICIENT EVIDENCE HAVEING BEEN PRESENTED AGAINST THE DEFENDANT TO SUPPORT A FINDI OF GUILT BEYOND A REASONABLE DOUBT IN THE ABOVE - STYLED CASE

8. FEDERAL RULES OF CRIMINAL PROCEDURE, CH. 11 RULE (48) 814. Dismissal FOR UNNECESSARY DELAY; RULE 48 (b) AUTHORIZING dismissal FOR UNNECESSARY DELAY, IS A VEHIC FOR ENFORCING THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIA but THAT IS NOT ALL IT IS. Dismissal OF A PROSECUTION IS MANDATORY IF THE SIXTH AMENDMENT HAS BEEN VIOLATE THE RULE. HOWEVER, IS ALSO A RESTATEMENT OF THE

Exhibit 1-4
C

4

INHERENT POWER OF THE COURT to dismiss A CASE FOR WANT OF PROSECUTION, AND THAT POWER is NOT CIRCUMSCRIBED by THE SIXTH AMENDMENT, THE COURT CAN dismiss WHENEVER THERE HAS been UNNECESSARY delay Without being Required to decide WHETHER THE deLAY WAS OF SUCH A NATURE AS TO deprive THE defendant OF A Constitutional Right. IF A Motion to dismiss FOR UNNECESSARY delay is denied, THE ORDER is NOT immediAtely APPEALABLE. THE REFUSAL to dismiss is REVIEWABLE ON APPEAL FROM A Judgment OF CONViction, ALtHOugH THE APPELLAte COURT WiLL REVERSE ONLY ON A SHOWing OF A CLEAR Abuse OF discRetion

9. REASON FOR THIS MOTION BECAUSE it A CLEAR SHOWING OF A Abuse OF discRetion; THE ONLY EVIDENCE THE STATE PROVE WAS PARAPHERNALIAS MARK AS EXHibt, THE STATE FAIL To SUBMIT A CONTROLLED SUBSTANCE MARK AS EXHibt To THE COURT BECAUSE INSUFICIENT EVIDENCE ~~was~~ OF A CONTROLLED SUBSTANC HAS been PRESENTED to SUPPORT A finding tHAt tHE defen dant is guiLty BEYONd A REASONABLE doubt, THE STATE MUST PROVE BOTH POSSESSION AND FELONY AMOUNT OF CONTROLLED SUBSTANCE THE STATE FAIL to SUBmit ANY At TRIAL, it A CLEAR SHOWing Abuse OF discRetion to ALLOW A TRIAL to be HAd, THE VERdict is CONTRARY Tc tHE WEIGHT OF THE EVIDENCE.

10. THE defendant HAS been INCARCERATION FOR 23 MONTHS AND 19 dAys, FOR THESES CHARGES OF UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, AND THE STATE FAIL to SUBMIT ANY At TRIAL OR doing THE ARREST OR At ANY

EXHIBIT
C

5/

HEARING THESE CASE HAS BEEN PENDING SINCE THE 9-17-02 WHICH BAR PROSECUTION, THE STATUTE OF LIMITATIONS PROOF OF ACTUAL PREJUDICE MAKES A DUE PROCESS CLAIM CON-CRETE AND RIPE FOR ADJUDICATION.

WHEREFOR THE DEFENDANT PRAYS THAT THE HONORABLE COURT WILL GRANT HIS MOTION TO ARREST THE JUDGMENT FOR THE FOLLOWING REASON, THE CHARGINGS INSTRUMENT DOES NOT STATE FACTS SUFFICIENT TO CONSTITUTE AN OFFENSE AGAINST THE STATE OF ALABAMA OF COVINGTON COUNTY AND THE COURT IS WITHOUT JURISDICTION OF THE OFFENSE OF A UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE CHARGED BECAUSE THE STATE NEVER SUBMIT ANY AS EXHIBIT MARKED AS EXHIBIT, THE ONLY SUBMITTED WERE (3) BAGS MARKE AS EXHIBIT DRUG PARAHERNALIA WHICH IS ALL MISDEMEANOR IN CASES CC-2003-187-418-419, IT A CLEAR SHOWING OF A ABUSE OF DISCRETION. DEFENDANT REQUEST A HEARING BE HELD ON THIS MOTION AS A MATTER OF LAW. RESPECTFULLY SUBMITTED THIS THE 3 DAY OF JULY, 2006

_Sanyie Earl Jones_
SIGNATURE OF DEFENDANT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING MOTION IS TRUE AND CORRECT. 7-3-06   _Sanyie Earl Jones_

CERTIFICATE OF SERVICE        DATE        SIGNATURE OF DEFENDANT

I CERTIFY THAT A TRUE COPY OF THE FOREGOING PLENDING MOTION HAS BEEN SERVED UPON THE DISTRICT ATTORNEY OF COVINGTON COUNTY ALABAMA/AND UPON THE ATTORNEY GENERAL BY MAILING THE SAME UNITED STATES MAIL FIRST CLASS, PERSONAL SERVICE, ON THE

3 DAY OF JULY 2006.

_Sanyie Earl Lane_
SIGNATURE OF DEFENDANT

EXHIBIT
1 (d)

TO: APPELLEE ATTORNEY GENERAL OF THE UNITED STATES
APPELLEE DISTRICT ATTORNEY OF COVINGTON COUNTY ALABAMA,

LARYIE EARL JONES,
    APPELLANT,

VS.

ATTORNEY GENERAL,

DISTRICT ATTORNEY,
    APPELLEE.

CASE NO: CC-2003-187-418-419
    CC-2004-347

ALABAMA,
RULES OF COURTS: RULE 10 (d)

## STATEMENT OF EVIDENCE OR PROCEEDINGS WHEN NO REPORT WAS MADE OR WHEN A TRANSCRIPT IS <u>UNAVAILABLE</u>

IF NO REPORT OF THE EVIDENCE OR PROCEEDING AT A HEARING OR TRIAL WAS MADE, OR IF A TRANSCRIPT IS UNAVAILABLE, THE THE APPELLANT MAY PREPARE A STATEMENT OF EVIDENCE OR PROCEEDINGS FROM THE BEST AVAILABLE MEANS, INCLUDING THE APPELLANT RECOLLECTION.

STATEMENT CONFORMS TO THE TRUTH: IN CC-2003-187

1. ON THE 9-17-2002 THE APPELLANT WAS ARRESTED AND HE WAS CHARGE WITH UNLAWFUL POSSESSION OF DRUG PARAPHENALIA WHICH WAS THE ONLY THING THAT THE ARRESTING OFFICERS SEIZURED IT WERE MARK AS EXHIBITED TO IDENTIFY IT AS EVIDENCE TO FACT-FINDERS, AND BEFORE THE JURY, NORMAIN REAL EVIDENCE IS MARKED AS AN EXHIBIT AND INTRODUCE IN EVIDENCE, APPELLANT WERE ALSO CHARGE WITH UNLAWFI POSSESSION OF CONTROLLED SUBSTANCE WHICH IS INFLAMMATORY CHARGE BECAUSE THERE NO SEIZURED MARKED AS EXHIBITED TO IDENTIFY IT AS EVIDENCE TO FACT-FINDERS AND BEFORE THE JURY

EXHIBIT
(d)

2

APPELLANT WERE INDICTED ON THE 5-14-2003 ON THESE CHARGES

2. IN CC-2003-418-419 AND CC-2004-347, IS RELATED TO CASE CC-2003-187, THE ARRESTED OFFICERS ONLY SEIZURED DRUG PARAPHENALIA IN ALL FOUR CASES, TO PROVE THAT APPELLANT VIOLATION OF SECTION 13A-012-212, THE STATE MUST PROVE BOTH POSSESSION AND THE FELONY AMOUNT OF CONTROLLED SUBSTANCE. SEE PURIFOY V. STATE, 359 So.2d 446.

3. THE APPELLANT HAS BEEN INCARCERATION SINCE JULY 14,2004 AT THE COVINGTON COUNTY JAIL FOR THE INFLAMMATORY CHARGES OF (3) COUNTS OF FELONY UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE THE STATE NEVER SUBMITTED AN CONTROLLED SUBSTANCE MARK AS EXHIBIT AT TRIAL THE APPELLANT WERE SENTENCED THREE LIFE, THE EVIDENCE INSUFFICIENT TO SUPPORT A CONVICTION, APPELLANT ARGUES THE TRIAL COURT SHOULD HAVE DIRECTED A VERDICT OF ACQUITTAL IN HIS FAVOR AND RELEASE HIM FROM CUSTODY.

4. IN THE PROCEEDING OF THESE CASES THERE WAS NO REPORT MADE OF FELONY AMOUNT OF CONTROLLED SUBSTANCE MARKED AS EXHIBIT NOR IN REPORTER TRANSCRIPT, NOR AT PRELIMINARY HEARINGS, NOR AT TRIAL NOR ANY COURT RECORDS HAS SHOWN FELONY AMOUNT OF CONTROLLED SUBSTANCE IN THESE CASES, BECAUSE IT INFLAMMATORY CHARGES, THE VERDICT ON MAY 30 2006 WAS PLAINLY ERRONEOUS AND MANIFESTLY UNJUST AND ON JULY 10 2006 THE SENTENCE IS PALPABLY WRONG BECAUSE AT TRIAL IT WAS INSUFFICIENCY EVIDENCE TO SUPPORT A CONVICTION DOUBLE JEOPARDY.

(d)

3

5. APPELLANT WAS HARASSMENT AND disADVANTAgED FoR EXERCISING His Rights, PRosecutor did AbuseD His dis-CRETION, BECAUSE THE APPELLANT did ASSERTED His Right HE HAS STRONG EVIDENTIARY HE SUFFERED A ConstitutionAL dEPRIVATION, THE APPELLANT SUFFER SERIOUS PReJudice BECAUSE oF THE LONG incARCERATION AND THE delay did impaired AN AdequATELY defENSE tends to bE spECULATIV. GROUNDS the oNLY Remedy THE APPELLANT WAS dENIED A SPEEDY TRIAL ANd THE CONVICTION SHOULd bE REVERS. OR VACTE THE SENTENCE, And dismiss THE INDICTMENT bECAUSE tHE PRIMARY gUARANTEE AgAINST HAVING to defENd AgAINST OVERLY StATE CRIMINAL CHARGES is THE STATUTE oF LIMITATIONS, Although PRoof oF ACTUAL PReJudice MAkes A due PRocESS CLAIM CONCRETE ANd RiPE FoR AdJudicat-iON, RULE 48(B), AuthoRIZING dismissAL FoR UNNECESSARY delay is A VEHICLE FoR ENFoRCINg THE SIXTH AMENDMENT Right to A SPEEDY TRIAL, BUT tHAT NoT ALL it is DismissAL oF A PRosECUTION is MANdATORY IF THE SIXTH AMENDMENT HAS bEEN VioLATED, ANd the UNSEALINg oF THE INdictMENT ANd UNUSUALLY LONg delAY MAkES A FAIR TRIAL ImPossiblE RESULT oF A dELIbERATE CHoicE oF THE PRosECUTION, THE dELAY bid PREVENTED A FAIR TRIAL, SEE EXHibit (●)(E) stAtE MENT THAT CiRCUIT JUdgE MAdE, It A CLEAR SHoWINg AbUSE oF disCRETION.

6. THIS STATEMENT CONFoRMS To THE TRUTH And THE APPELLANT is bEEN HELd IN CUStodY UNLAWFUL CiRcuit JUdgE MCKATHAN is APPELLANT WITNESS oR WiLL bE.

EXHIBIT
(d)
4

7. APPELLANT HAS PROOF OF ACTUAL PREJUDICE AND HIS CONVICTION SHOULD be REVERSE OR VACTE THE SENTENCE AND dismiss THE INDICTMENT, BECAUSE OF INSUFFICIENCY OF EVIDENCE, AND VIOLATION OF SIXTH AMENDMENT, RIGHT TO A SPEEDY TRIAL.

RESPECTFULLY SUBMITTED THIS THE 26 DAY OF JULY 2006.

_Sarpie Earl Jones_
Signature of APPELLANT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREgoing STATEMENT IS TRUE AND CORRECT.

7-26-06
DATE

_Sarpie Earl Jones_
SIGNATURE of APPELLANT


CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE FOREGOING STATEMENT HAS been SERVED UPON BOTH APPELLEES THE district ATTORNEY OF COVINGTON COUNTY ALABAMA, AND THE UNITED STATE ATTORNEY GENERAL BY UNITED STATES FIRST CLASS MAIL PERSONAL SERVICE ON THE 26 DAY OF JULY, 2006,

_Sarpie Earl Jones_
SIGNATURE of APPELLANT

1

EXHIBIT
(d)

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

LARYIE EARL JONES,
    APPELLANT,

VS.

STATE OF ALABAMA

CASE NO: CC-2003-187-418-419

CC-2004-347

## MOTION FOR APPROVAL OF STATEMENT OF EVIDENCE BY TRIAL COURT

COMES NOW THE APPELLANT LARYIE EARL JONES, PRO SE, MOVES THE HONORABLE COURT FOR APPROVAL, AND AS THERE FORE STATES THE FOLLOWING GROUNDS:

1. ON JULY 26 2004 THE APPELLANT FILE AND PREPARE A STATE MENT OF THE EVIDENCE, AND PROCEEDING FROM THE BEST AVAILABLE MEANS, INCLUDING HIS RECOLLECTION. RULES OF APPELLATE PROCEDURE, RULE 10 (d)

2. IF THE APPELLANT PREPARES SUCH A STATEMENT THE APPE LLANT SHALL SERVE IT ON THE APPELLEE WITHIN (28) DAYS (4 WEEKS) AFTER FILING THE NOTICE OF APPEAL, THE APP ELLEES, WITHIN 14 DAYS (2 WEEKS) AFTER SERVICE, MAI SERVE ON THE APPELLANT OBJECTIONS OR PROPOSED AMEI DMENTS TO THE STATEMENT.

3. IF THE APPELLEE SERVES NO OBJECTION OR PROPOSED AMENDMENTS, THEN, WITHIN 21 DAYS (3 WEEKS) AFTER THE STATEMENT WAS SERVED ON THE APPELLEE, THE APPE LLANT SHALL FILE THE STATEMENT WITH THE TRIAL COURT FOR APPROVAL

EXHIBIT
(d)

2

4. THE APPELLEES HAS FAIL TO SERVE OBJECTIONS OR PROPOSED AMENDMENTS TO APPELLANT STATEMENTS OF EVIDENCE. THE APPELLANT MOVES THE COURT FOR APPROVAL OF HIS STATEMENT OF EVIDENCE AND TO ALLOW HIM TO SUBPOEN ALL HIS WITNESS'S AT AN HEARING IN SUPPORT OF HIS STATEMENT OF EVIDENCE AND PROCEEDING INCLUDING HIS RECOLLECTION.

WHEREFORE THE APPELLANT PRAYS THAT THIS COURT WILL GRANT HIS MOTION FOR APPROVAL OF STATEMENT OF EVIDENCE, AND A HEARING BE HELD; DUE TO RULES OF APPELLATE PROCEDURE, RULE 10 (d) AT THE EARLIEST POSSIBLE TIME.

RESPECTFULLY SUBMITTED THIS THE 22 DAY OF Aug, 2006

_Sarjie Earl James_
SIGNATURE OF APPELLANT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING PLEADING MOTION IS TRUE AND CORRECT.

8-22-06            _Sarjie Earl James_

EHibiT
E

# WOODARD, PATEL & SLEDGE

A T T O R N E Y S   A T   L A W

Allen G. Woodard*
Manish H. Patel
Christopher M. Sledge
 *Also Admitted in Florida
 and Mississippi

1213 East Three Notch Street
Andalusia, Alabama 36420
(334) 222-9115
Fax (334) 222-9448

2:06-CV-821

March 31, 2006

Laurie Blazer
Alabama State Bar, Disciplinary Commission
P.O. Box 671
Montgomery, Alabama 36101

     RE: CSP No.  06-259(A), Complaint of Laryie E. Jones

Dear Ms. Blazer:

     I am in receipt of your letter dated March 23, 2006 along with the enclosures concerning the complaint filed by Laryie E. Jones. I was appointed to represent Mr. Jones on or about October 24, 2005 by Judge M. Ashley McKathan in CC-03-187, CC-03-418, and CC-03-419. Thereafter, I was also appointed to represent Mr. Jones in case number CC-2004-347 by Judge Charles A. Short.

     Upon being appointed to represent Mr. Jones, I learned Mr. Jones had filed a pro se Motion to Withdraw a previously entered guilty plea with regards to all the pending charges against him. His plea agreement stated  he was to plead guilty to all of his 2003 cases and to be sentenced to 15 years split with one year to serve concurrently. In exchange the State agreed to dismiss the 2004 case against him and his significant other who is the co-defendant in the 2004 case.

     Mr. Jones filed his pro se Motion due to his belief he was to receive time credit and would be released within a month. This mis-communication occurred in regards with how much time he would have to serve before he would be allowed to get out on probation. He was informed, and understood,  he would get credit for time served and he would be getting out soon. However, the District Attorney held the position he was to serve one year from the date of the plea and be released at that time. I have enclosed the disputed plea agreement for your convenience. After several hearings in front of Judge McKathan, Mr. Jones was allowed to withdraw his guilty plea and to proceed to trial.

     Prior to the Judge granting the withdrawal request, I informed Mr. Jones I did not feel he was making a wise choice under the circumstances of him having four different charges against him of possession of controlled substance. Further, on several of these charges, the item he is being charged of possessing was actually obtained from his person and he admitted that the items belonged to him. I informed Mr. Jones it would be in his best interest to keep the plea agreement in place and to withdraw his request. Judge McKathan also informed Mr. Jones he should reconsider his decision and withdraw his request and informed him if he were convicted for any of the four charges he

EXHIBIT E

would not receive the minimum sentence due to his priors.

Mr. Jones did not agree and thereafter I zealously fought for him to withdraw his plea and the Judge did grant the motion to withdraw guilty plea. I also argued for the Judge to enforce the plea agreement as understood by Mr. Jones. After hearing testimony from Mr. Jones, his prior counsel Mr. Powell, and the District Attorney, the Judge decided there was never a meeting of the minds in regards with the term of whether he would be immediately getting out or whether he would have to do another year and allowed the plea agreement to be withdrawn.

I then retrieved all of Mr. Jones files which were substantially large and after reviewing his cases I filed the following motions on behalf of Mr. Jones: Motions to Suppress and Motions to Un-Consolidate the three of the four trials which were previously consolidated while Mr. Jones had prior counsel. After Judge McKathan entered the order allowing the plea agreement to be withdrawn, he did recuse himself from these cases and thereafter, the cases were assigned to Judge Charles A. Short. I requested Judge McKathan not recuse himself but he stated he did not believe he would be able to give the defendant a fair trial. Judge Short then held a hearing on the motions I had filed for Mr. Jones. A hearing was held on the Motion to Unconsolidate but was denied by Judge Short. I also filed Motions to Suppress on behalf of Mr. Jones, which Judge Short instructed will be taken up prior to or during trial.

Mr. Jones, on numerous occasions, has requested that I file a Bond Reduction Motion or a Motion for Bail or Bond in his case. He has previously filed numerous pro se motions for bond which have been denied. The reason why I have not filed a Motion for Bond or Motion for Bail is that Mr. Jones' bail was previously revoked. Mr. Jones was on bail/bond and while out on bail/bond he was arrested and charged with a new offense three different times. Thereafter, the prosecutor filed a Motion to Revoke Mr. Jones' bond for violation of a bond condition and after a hearing, his bond was revoked while Mr. Jones had prior counsel before my representation of him. I explained to Mr. Jones that he would not be able to be released pending his trials due to his bond being revoked.
BOND REVOKED NOV. 24, 2003, REINSTATED ON FEB. 5, 2004

Further, Mr. Jones has filed numerous motions regarding a speedy trial. I attempted to explain to Mr. Jones that I would file a Motion For Speedy Trial but I did not feel it would be successful in that one important factor the court would look at in deciding if one's speedy trial right has been infringed upon or violated is what, if any delay, was caused by the defendant in the proceeding. I explained to Mr. Jones in great depth that in this particular situation that the Court would look negatively upon his claim due to the fact that they would probably place blame upon Mr. Jones for the majority of the delays, particularly those caused due to new counsel being appointed (6 prior counsel have represented Mr. Jones.) BOND REVOKED JULY 14 2004 WITHOUT A REVOCATION HEARING.

As for Mr. Jones' kidnaping claims, I am not quite certain exactly what he is referencing. I am not aware of any kidnaping he has endured. My belief is his claim the State erroneously transferred him to state prison, after his initial guilty plea and I had to file a motion to have him returned to the Covington County Jail as the guilty plea was withdrawn and he should not have been taken to the state facility. I believe the error occurred due to someone in the Department of Corrections not receiving the order allowing Mr. Jones to withdraw his guilty plea, thereby, not making him a state inmate.



I have met with Mr. Jones four (4) times at the Covington County Courthouse and one time at the Covington County Jail. I have not neglected or performed any misconduct in this matter. I have tried to see that Mr. Jones would have attained a fair trial and I in no way participated with the state prosecutor in this matter to see that a conviction would be had. I am enclosing the order appointing me to represent Mr. Jones and also other pertinent documents. If you should need any further information or documents please contact me at your convenience.

Sincerely,

**WOODARD, PATEL & SLEDGE**

Manish H. Patel

MHP/ni

Enclosures

C. Randall Clark, Ph.D.
2207 Heritage Drive
Opelika, AL 36804

Home (334) 749-8138
Office (334) 844-8326
Fax (334) 844-5331

Case 2:06-cv-00824-MHT-DRB     Document 1-7     Filed 09/13/2006     Page 1 of 1

EXHIBIT F

June 16, 2005

2:06-CV-821

Mr. Sydney Albert Smith
122 Cordelia Ave N
Elba, AL 36323-1914

Dear Mr. Smith:

This is to report the results of my analysis of the samples involving Mr. Laryee Earl Jones. I received four plastic bags from Mr. Mark Odom on May 11, 2005. Each of the four bags contained a small device made up of a metallic tube portion and a rubber-tubing portion. I washed the metallic portion of these devices individually with HPLC grade acetonitrile (an organic solvent of high purity) and did a gas chromatographic-mass spectral analysis on each of the resulting solutions. The case numbers and other identifying information and the results of each analysis are as follows:

CC-2004-347    Sample 1. Case # 2004-06-015, 04DH02237, Suspect-Laryee Earl Jones, Linda Jean Austen, Date of Recovery-6/22/2004. The solution obtained from washing the device is positive for cocaine.

C-2003-487    Sample 2. Case # DR-00474, 02DH02415, Suspect-Laryee Earl Jones, Date of Recovery-9/17/2002. The solution obtained from washing the device is positive for cocaine.

C-2003-419    Sample 3. Case # DR-00504, 03DH01861, Suspect-Laryee E Jones, Date of Recovery-6/11/2003. The solution obtained from washing the device is positive for cocaine.

C-2003-418    Sample 4. Case # 2003-05-009, 03DH01766, Suspect-Larryie Earl Jones, Date of Recovery-5/14/2003. The solution obtained from washing the device is positive for cocaine.

The solutions of cocaine obtained in the course of these analyses have been destroyed. The plastic bags of evidence will be returned to Mr. Mark Odom or other appropriate official. If you have any questions concerning this information please contact me.

Sincerely,

*C. Randall Clark*

C. Randall Clark, Ph. D.

FILED IN OFFICE

AUG 1 5 2005

*Ruge A. Ramsey*
CLERK