IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARYIE EARL JONES, #156610, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-821-MHT |
| | ) | |
| GWENDOLYN MOSLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on August 31, 2006, by Laryie Earl Jones ["Jones"], a state inmate, to challenge his convictions on May 25, 2006, in the Circuit Court of Covington County for possession of cocaine and possession of drug paraphernalia.

Respondents contend that although Jones filed a notice of appeal on July 12, 2006, he "has not completed the appellate process available to him in the state court system." *Respondents' Answer - Court Doc. No. 9* at 3. The state court record supports this contention. *See Respondents' Exhibit A - Alabama Court of Criminal Appeals Docket Sheet.*

**DISCUSSION**

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28

U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A section 2254 petition for habeas corpus relief is not ripe for review by a federal court where the challenged state convictions and sentences are not final at the time of filing. *Maharaj v. Secretary for Department of Corrections*, 304 F.3d 1345, 1348-1349 (11th Cir. 2002); *Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts must adhere to the "fundamental policy against federal interference with state criminal proceedings.").

The pleadings and supporting documents establish that Jones has not yet exhausted his available state court remedies. Jones may raise the claims here presented in the direct appeal pending before the Alabama Court of Criminal Appeals, and upon conclusion of the direct appeal process, he may file a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

This court does not deem it appropriate to rule on the merits of the asserted claims without requiring that Jones first exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of state court proceedings as this court is presented no "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to

afford the petitioner an opportunity to exhaust all available state court remedies.  It is further

ORDERED that on or before October 18, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. WainPrice*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this  5th  day of October, 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

3