In the United States District Court
For the Middle District of Alabama
Northern Division

Laryie Earl Jones, 156610,
   Petitioner,

vs.

Gwendolyn Mosley, et al,
   Respondents.

Civil Action No.
2:06-CV-821-MHT

## Objection To The Recommendation

Comes now the Petitioner Laryie Earl Jones, Pro, Se moves, the Honorable Court for objection to the Recommendation, done on the 5th day of of October 2006, and as therefore states the following grounds:

### Procedural History

1. Petitioner, Laryie Earl Jones, was arrested on the 9-17-2002, in CC-2003-187. He was charge unlawful possession of drug paraphenalia, and unlawful possession of controlled substance, he were indicted on 2-14-2003. In CC-2003-418 he were arrested and in CC-2003-419 he were arrested on 7-14-2003 he was indicted on both of these charges on the 9-27-2003. The charges were unlawful possession of drug paraphenalia and unlawful possession of controlled substance.

2. Petitioner has served over 26 months at Covington County Jail waiting to be try. On the 9-27-2005 ineffective assistance of counsel, trick petitioner in signing a plea, counsel told petitioner he was pleaing to three counts of possession of drug paraphernalia only and

one year in the county jail, and since his incarceration, since July 14 2004, he would get time served and release on probation on a 15 years sentences. Petitioner ask his counsel to let him read what he was about to sign, counsel said trust him that what petitioner did, that why petitioner withdraw his guilty plea on 12-1-2005, the trial judge did allow petitioner to withdraw, and the trial judge McKathan recuse himself from these cases and there after the cases were assigned to Judge A Short.

3. Judge McKathan made a statement, he stated the reason he recuse himself from cases CC-2003-187-418-419, he did not believe he would be able to give the defendant a fair trial.

4. On 12-1-05 the motion were granted to withdraw guilty plea, on 1-3-06 petitioner were sent to prison without been adjudged guilty of any crime from 1-3-06 to 2-14-2006 that how he was in prison unlawful.

5. On May 22-23-2006, petitioner ineffective assistance of counsel helped the district attorney for a conviction to be had, the conviction were plain error and manifest injustice, and on July-10-2006 petitioner were sentence to three life for the three counts of unlawful possession of controlled substance, the sentence were palpably wrong insufficiency evidence of unlawful possession of controlled substance to support an conviction at trial

STATE FAIL to SHOW THE THREE ELEMENT ARE NECESSARY to ESTABLISH POSSESSION of CONTROLLED SUBSTANCE, (1) ACTUAL OR POTENTIAL PHYSICAL CONTROL. (2) INTENTION to EXERCISE DOMINION AND (3) EXTERNAL MANIFESTATION of INTENT AND CONTROL. RAWLS V. STATE 585 So. 2d 241 Ala. Crim App [1991], Sim V. STATE 733 So 2d 926 Ala. Crim App, [1998]. THIS COURT SHOULD REVIEW ONLY THE ARREST REPORTS AND TRIAL TRANSCRIPTS it WOULD PROVE CLAIMS IS TRUE.

### Objection To The Recommendation

6. THE RESPONDENTS, AS ATTORNEY GENERAL, AND THE ASSISTANT ATTORNEY GENERAL BOTH HAS PARTICIPATED IN CONSPIRACY THAT AN CONVICTION to be HAD, PETITIONER HAS REPORTED to THESE RESPONDENTS, HIS LONG INCARCERATION At THE COVINGTON COUNTY JAIL, AND HIS DISADVANTAGED FOR EXERCISING HIS RIGHTS. THESE RESPONDENTS KNOWS THAT THERE WERE NO CONTROLLED SUBSTANCE SEIZURED DOING ANY ARRESTS, NOR At ANY HEARINGS OR At TRIAL, THEY KNOWS THAT THE THREE CHARGES OF UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE WERE INFLAMMATORY, SEE ALL ARRESTS REPORTS IN EACH OF THESE CASES. PETITIONER ALSO REPORTED SANCTION VIOLATION 18 U.S.C.A 3161(C) 3164-(B)-(C) AND 3162(A)-(2), BEFORE TRIAL PETITIONER SUFFERED PREJUICE FOR THE LONG INCARCERATION At A COUNTY JAIL SINCE JULY-14-2004, HIS TRIAL WERE MAY-22-23-2006

### Post Judgment Motions File

7. ON MAY 15 2006 PETITIONER FILE A MOTION FOR DISMISSAL OF THE INDICTMENT WITH A AFFIDAIT IN SUPPORT BECAUSE OF STITTUTE OF LIMITATIONS, AND MOTION FOR NEW TRIAL, A MOTION FOR ARREST OF JUDGMENT AND THERE WERE A STATEMENT OF EVIDENCE OR PROCEEDINGS WHEN NO

Report was made, Rule 10.(d) Prepared, the Appellee fail to object, there deadline was on 8-17-06. On 8-18-06 Circuit Judge made an order prohibited from fileing any further Pro. se documents. These Respondents has copys of All Post Judgment motions And the only one is being submitted is motion for new Trial on Appeals Docket sheet, These Respondents. has Allow ongoing of Petitioner being deprive of his Constitutionally Protected Liberty, they Allow Petitioner to suffered Prejudicial, And Violation of Equal Protection Clause, These Respondent never Answer any of Petitioner letters or Reports of Sanction Violation a Trial should not been had. Now if These Respondents. can show this Court the Amount of unlawful Possession of Controlled Substance, Petitioner will Rest his cases there is none the charges is inflammatory, Petitioner is held unlawful, Petitioner is been deprive of raiseing his claims in Appellate Court

The Court should review Jones claims because he has been Bar from filing any claims in States courts or Appellate courts he don't have any more state remedies available he submitted them in this court, there is an absence of available corrective and circumstance exist that render such process ineffective to protect the rights of the Petitioner it not possible that Jones may receive relief on these claims during the state court Appellate Proceeding

There is a good cause for the petitioner failure to exhaust his claims first in state court, it is his ineffective assistance of appellate counsel, the facts is the relevant state-court decision was contray to clearly established federal law, as determined by the Supreme Court of the United States, and involved an unreasonable application of clearly established federal law, as determind by the Supreme Court of the United States, the state court decision denying relief is contrary to clearly established federal law, and an unreasonable application of federal law. Williams V. Taylor, 529 U.S At 404-405, 120 S.Ct. At 1519. See Brown V. Head, 272 F.3d 1308, 1313 (11th Cir 2001). And also the illegal sentence lifes was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. There were no evidence.

Wherefore petitioner have shown that he is entitled to review of his claims, this petition should be granted Jone's petition is not premature because his appellate counsel will not raise these claims, his claims are ripe for review under 2254. Petitioner demand end of justice; a federal judge clearly has the power and if ends of justice is demand, the duty to reach the merits in proceeding for federal collateral relief petitioner prays the honorable court will review his claims. So ends of justice will be served.

Respectfully submitted this the 17 day of Oct 2006.

_Sanjie Earl Jones_
Signature of Petitioner

I declare under penalty of perjury that the above objection is true and correct.

10-17-06
DATE

*Signature of Petitioner*

## Certificate of Service

I certify that a copy of the foregoing objection has been served upon Attorney General, and by mailing the same by first class U.S. mail personal service on the 17 day of Oct, 2006

*Signature of Petitioner*

Respondents Address:
State of Alabama
Attorney General
11 South Union Street
Montgomery, AL 36130-0152